# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Johnny Cruz, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>Raytheon Company, Kelly B. Lappin, in her capacity as Plan Administrator for the Raytheon Company Pension Plan for Hourly Employees, the Raytheon Company Pension Plan for Salaried Employees, the Raytheon Non-Bargaining Retirement Plan, the Raytheon Bargaining Retirement Plan, and the Raytheon Retirement Plan for Engineers & Contractors, Inc. and Aircraft Credit Employees, and John/Jane Does 1-10,<br><br>        Defendants. | Civil Action No.: 1:19-cv-11425 |

## REVISED JOINT SCHEDULING PROPOSAL

Pursuant to the Court's order at the Rule 16 Conference on December 9, 2019, Plaintiff Johnny Cruz and Defendants Raytheon Company ("Raytheon") and Kelly Lappin (together, "Defendants") respectfully submit this Revised Joint Scheduling Proposal, setting forth a proposed schedule and procedure for resolving as a threshold issue in this litigation the question whether the 0.90 conversion factor used by the portion of the Raytheon Hourly Plan in which Mr. Cruz participates to convert his single life annuity ("SLA") into a 50% joint and survivor annuity ("JSA") violates 29 U.S.C. § 1053(a), § 1054, or § 1055.

### I. PROPOSED SCHEDULE

| Event | Deadline |
| --- | --- |
| Document discovery completed (as discussed further below) | March 6, 2020 |
| Plaintiff's expert report filed | April 17, 2020 |
| Defendants' expert report filed | May 22, 2020 |
| Plaintiff's expert rebuttal report filed | June 12, 2020 |
| Deposition of Plaintiff's expert | June 26, 2020 |
| Deposition of Defendants' expert | July 10, 2020 |
| Cross-Motions | August 7, 2020 |
| Replies | September 21, 2020 |

Discovery, expert reports and cross-motions during this phase of the case will be limited to the question whether the 0.90 conversion factor used by the portion of the Raytheon Hourly Plan in which Mr. Cruz participates to convert his SLA into a 50% JSA violates 29 U.S.C. § 1053(a), § 1054, or § 1055. They will not address any other issues, including

class certification, damages or any affirmative defenses. All other deadlines and aspects of the case will be stayed until resolution of this targeted motion.

## II.   SCOPE OF FACT DISCOVERY

The parties agree that the scope of fact discovery during this initial phase should be narrowly targeted to the question whether the 0.90 conversion factor used by the portion of the Raytheon Hourly Plan in which Mr. Cruz participates to convert his SLA into a 50% JSA violates 29 U.S.C. § 1053(a), § 1054, or § 1055. Defendants' agreement to this procedure and to waive their one-way intervention rights are expressly conditioned upon this limitation.

Plaintiff's counsel have provided Defendants with a list of documents and data that they believe they need prior to the completion of Plaintiff's expert report in this matter. With one exception, the parties have agreed on the scope of the document discovery that will be produced during this initial phase of the litigation.[1] In the event that Defendants or their expert rely on witness interviews, declarations or affidavits in support of their expert opinions and/or briefs, Plaintiff shall be entitled to depose the interviewees/declarants/affiants regarding matters within the scope of their interviews/declarations/affidavits. Absent good cause shown (and subject to footnote 1), Plaintiff shall not be entitled to any further discovery beyond what the parties have agreed to during this initial phase of the case.

Plaintiff shall produce to Defendants any documents or data that he or his expert rely on in support of their expert report or briefs. Absent good cause shown, Defendants shall not be entitled to any further document discovery during this initial phase.

---

[1] If the parties are unable to reach agreement regarding the one outstanding issue—i.e., Plaintiff's request for certain "fiduciary committee" agendas and meeting minutes— Plaintiff reserves the right to seek a court order compelling production of those minutes, and Defendants reserve the right to oppose any such motion.

## III.   PROTECTIVE ORDER

The parties agree that a protective order governing the production of confidential information should be entered by the Court in this matter.  The parties are continuing to meet-and-confer regarding a proposed order and will endeavor promptly to present a joint proposed order to the Court.

Dated: January 31, 2019                                                              Respectfully  submitted,

For Plaintiff:                                                                                    For Defendants:

*/s/ Douglas Needham*                                                            */s/ James O. Fleckner*

Douglas P. Needham, BBO No. 671018
Robert A. Izard (admitted pro hac vice)
Mark P. Kindall (admitted pro hac vice)
Seth R. Klein (admitted pro hac vice)
Oren Faircloth (admitted pro hac vice)
**IZARD, KINDALL & RAABE LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
dneedham@ikrlaw.com
rizard@ikrlaw.com
mkindall@ikrlaw.com
sklein@ikrlaw.com
ofaircloth@ikrlaw.com

Gregory Y. Porter (t admitted pro hac vice)
Mark G. Boyko (admitted pro hac vice)
**BAILEY & GLASSER LLP**
1054 31st Street, NW, Suite 230
Washington, DC 20007
(202) 463-2101
(202) 463-2103 fax
gporter@baileyglasser.com
mboyko@baileyglasser.com

Christian J. Pistilli (pro hac vice)
Robert Newman (pro hac vice)
Ravi Doshi (pro hac vice)
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
cpistilli@cov.com
rnewman@cov.com
rdoshi@cov.com

James O. Fleckner (BBO # 641494)
Kline C. Moore (BBO # 698365)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
jfleckner@goodwinlaw.com
klinemoore@goodwinlaw.com

## **CERTIFICATE OF SERVICE**

      I, James O. Fleckner, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to Plaintiff's counsel as identified on the Notice of Electronic Filing (NEF) on Friday, January 31, 2020.

                                                                                                             /s/ *James O. Fleckner*