UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Johnny Cruz, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>Raytheon Company, Kelly B. Lappin, in her capacity as Plan Administrator for the Raytheon Company Pension Plan for Hourly Employees, the Raytheon Company Pension Plan for Salaried Employees, the Raytheon Non-Bargaining Retirement Plan, the Raytheon Bargaining Retirement Plan, and the Raytheon Retirement Plan for Engineers & Contractors, Inc. and Aircraft Credit Employees, and John/Jane Does 1-10,<br><br>                Defendants. | Civil Action No.: 1:19-cv-11425 |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

      **WHEREAS,** a putative class action is pending before the Court entitled *Cruz v. Raytheon Co., et al.*, No. 1:19-cv-11425;

      **WHEREAS,** the Court has reviewed and considered Plaintiff's Motion for (i) Preliminary Approval of Settlement, (ii) Conditional Certification of Settlement Class, (iii) Appointment of Class Counsel, and (iv) Approval of Notice to Settlement Class (the "Motion"), as well as all papers submitted in connection therewith; the proposed Settlement as set forth in the Settlement Agreement (the "Settlement"), which, together with the exhibits and appendices thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against Defendants with prejudice upon the terms and conditions set forth therein, a copy of which has been submitted with the Motion and the terms of

which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The provisions of the Settlement, including the definitions and terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Settlement Class Members.

### Settlement Class Findings

3. Solely for purposes of the Settlement, the Court preliminarily finds that the requirements of Federal Rule of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law have been met as to the Settlement Class defined below, in that:

    a. The Court preliminarily finds, for purposes of settlement only, that, as required by Federal Rule of Civil Procedure 23(a)(1), the Settlement Class is ascertainable from Defendants' records and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

    b. The Court preliminarily finds, for purposes of settlement only, that, as required by Federal Rule of Civil Procedure 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

      c.      The Court preliminarily finds, for purposes of settlement only, that, as required by Federal Rule of Civil Procedure 23(a)(3), the claims of Plaintiff are typical of the claims of the Settlement Class.

      d.      The Court preliminarily finds, for purposes of settlement only, that, as required by Federal Rule of Civil Procedure 23(a)(4), Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiff and the nature of his alleged claims are consistent with those of the members of the Settlement Class, and (ii) there appear to be no conflicts between or among Plaintiff and the Settlement Class.

      e.      The Court preliminarily finds, for purposes of settlement only, that, as required by Federal Rule of Civil Procedure 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; and/or (ii) adjudication as to individual members of the Settlement Class, as a practical matter, would be dispositive of the interests of the other members of the Settlement Class not parties to the individual adjudications, or would substantially impair or impede the ability of such persons to protect their interests.  Class certification is therefore appropriate under Federal Rule of Civil Procedure 23(b)(1).

      f.      The Court preliminarily finds, for purposes of settlement only, as required by Federal Rule of Civil Procedure 23(b)(2), that Defendants have acted or did not act on grounds generally applicable to the Settlement Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Settlement Class as a whole. Class certification is therefore also appropriate under Federal Rule of Civil Procedure 23(b)(2).

g.       The Court preliminarily finds, for purposes of settlement only, that, as required by Federal Rule of Civil Procedure 23(g), Class Counsel is capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

### Class Certification

4.       The Court, in conducting the settlement approval process required by Federal Rule of Civil Procedure 23, preliminarily certifies solely for purposes of settlement the following class:

> (1) each participant in a Covered Plan who began receiving a JSA from such Covered Plan as of June 27, 2013 or later, and who received a monthly payment of that JSA benefit in December 2020 ("Participant Class Members"); (2) each beneficiary of a participant in a Covered Plan, where such participant began receiving a JSA from such Covered Plan as of June 27, 2013 or later and such beneficiary received a monthly payment of the survivor component of such JSA in December 2020 ("Beneficiary Class Members"); and (3) each surviving spouse of a participant in a Covered Plan, where such participant died on or after June 27, 2013, before the participant began to receive benefits from such Covered Plan, and such surviving spouse received a monthly payment of a PSA from such Covered Plan in December 2020 ("Surviving Spouse Class Members").

Preliminary certification of the Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for purposes of the Settlement), this Action or any other action is appropriate for class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule, for litigation purposes.

### Appointments

5.       The Court preliminarily appoints (a) Plaintiff Johnny Cruz as the representative of the Settlement Class, and (b) Izard, Kindall & Raabe, LLP and Bailey & Glasser, LLP as counsel for the Settlement Class ("Class Counsel"). In accordance with Federal Rule 23(g), the Court preliminarily finds that Class Counsel (i) have done considerable work identifying and investigating the claims presented in the Action; (ii) have experience handling class actions and complex litigation; (iii) are knowledgeable about the applicable law; and (iv) have devoted, and will continue to devote, adequate resources to protect the interests of the proposed Class.

### Preliminary Findings Regarding Proposed Settlement

6.       The Court preliminarily approves the Settlement as fair, reasonable, and adequate to all Settlement Class Members, pending a final settlement and fairness hearing (the "Final Approval Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Plaintiff or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement and the Final Approval Hearing described below.

### Stay Order

7.       The Court orders the stay of any pending litigation in the Action and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Released Claims against Defendants or any of their respective Related Parties.

**Form and Timing of Notice**

8. The Court hereby approves, as to form and content, the Notice, substantially in the form attached hereto as Exhibit B, and directs that, no later than forty-five (45) days after entry of this Order ("Notice Date"), Defendants shall provide the Notice to each known Settlement Class Member by first class mail to the address of the Class Member that is maintained in Raytheon's records. Defendants shall file with the Court proof of transmission of the Notice seven (7) days prior to the Final Approval Hearing.

9. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement.

10. The Court preliminarily finds that the distribution of the Notice, and the notice methodology contemplated by the Settlement and this Order:

   a. Constitute the best practicable notice to Class Members under the circumstances of this Action;

   b. Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (iv) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on the Settlement Class;

   c. Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

   d. Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due

Process Clause), the Employee Retirement Income Security of Act of 1974, as amended, the Rules of this Court, and any other applicable law.

## Final Approval Hearing

11. The Final Approval Hearing shall take place before the undersigned, United States District Judge Patti B. Saris, at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, on _____, 2021, at ___:___ __.m., to determine:

      a.      Whether, for settlement purposes only, the Settlement Class should be certified;

      b.      Whether, for settlement purposes only, Plaintiff Johnny Cruz should be appointed as the class representative;

      c.      Whether, for settlement purposes only, Class Counsel should be appointed as counsel for the Settlement Class;

      d.      Whether the Settlement, on the terms and conditions provided for in the Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

      e.      Whether the Action should be dismissed on the merits and with prejudice;

      f.      Whether the Court should permanently enjoin the assertion of any Released Claims by Settlement Class Members;

      g.      Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

      h.      Whether the application for attorneys' fees, expenses and costs to be submitted by Class Counsel should be approved;

    i. Whether the application for a Client Contribution Award on behalf of Plaintiff should be approved; and

    j. Such other matters as the Court may deem necessary or appropriate.

### Petition for Attorneys' Fees and Costs and Client Contribution Awards

12. Any petition for an award to Plaintiff and/or Class Counsel of a Fees, Expenses and Costs Award, and all briefs in support thereof, shall be filed no later than forty-five (45) days prior to the Final Approval Hearing. Any opposition to such petition by Defendants shall be filed no later than twenty-one (21) days prior to the Final Approval Hearing.

### Briefs in Support of Final Approval of the Settlement

13. Briefs and other documents in support of final approval of the Settlement shall be filed no later than forty-five (45) days prior to the Final Approval hearing.

### Objections to the Settlement

14. Any member of the Settlement Class may file an objection ("Objection") to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or the request for a client contribution award for Plaintiff. An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s) for each such Objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). Any member of the Settlement Class who files an Objection to the Settlement must also mail copies of the Objection and any supporting law and/or evidence to Class Counsel and to counsel for Defendants. The addresses for filing Objections with the Court and serving Objections on counsel are as follows:

For Filing:

>Clerk of the Court
>United States District Court for the District of Massachusetts
>1 Courthouse Way, Suite 2300
>Boston, MA 02210
>Re:  *Cruz v. Raytheon Co.*, No. 1:19-cv-11425 (D.Mass.)

To Class Counsel:

>Douglas P. Needham
>IZARD, KINDALL & RAABE LLP
>29 S. Main Street, Suite 305
>West Hartford, CT 06107
>Tel.:  (860) 493-6294
>Email:  dneedham@ikrlaw.com

To Defendants' Counsel:

>Christian J. Pistilli
>COVINGTON & BURLING LLP
>One CityCenter
>850 Tenth Street, NW
>Washington, DC 20001
>Tel.:  (202) 662-5342
>Email:  cpistilli@cov.com

15. Objectors and their private counsel (if any) must file and serve their Objections and supporting papers so that they are received by the Court and counsel no later than twenty-eight (28) days before the Final Approval Hearing.  Service on counsel may be effected by email, but filing with the Court must be by first-class mail.  If objectors hire an attorney for the purpose of making an Objection, the attorney must also file a notice of appearance with the Court no later than twenty-eight (28) days before the Final Approval Hearing and serve a copy of the notice of appearance on the counsel listed above by email or regular mail on the same day that it is filed with the Court.  Any member of the Settlement Class who does not timely submit a written Objection complying with the terms of this Order shall be deemed to have been waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection

9

shall be barred.  Any responses to Objections shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.  There shall be no reply briefs.

16. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

17. Any objector who files and serves a timely, written Objection in accordance with Paragraphs 14 and 15 above may also appear at the Final Approval Hearing, either for themselves or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than twenty-eight (28) days before the Final Approval Hearing.  Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

## Use of Order

18. This Order is not admissible as evidence for any purpose in any pending or future litigation.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims that he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement

terminates.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits or appendices, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, and/or deemed to be evidence of, a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

## Other Provisions

19. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights to the parties to the Agreement before it was executed.  Notwithstanding the foregoing, and for the avoidance of doubt, the effectiveness of the Settlement is not contingent upon the Court approving the attorneys' fees and costs and/or any client contribution award request by Plaintiff and/or Class Counsel.

20. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further written notice to the Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or a date earlier than the time and date set forth in Paragraph 11 above.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**SO ORDERED** in the District of Massachusetts on    February 23    , 2021.

                                                  /s/ PATTI B. SARIS
                                           THE HONORABLE PATTI B. SARIS
                                           UNITED STATES DISTRICT JUDGE