# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Johnny Cruz, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>       v.<br><br>Raytheon Company, Kelly B. Lappin, in her capacity as Plan Administrator for the Raytheon Company Pension Plan for Hourly Employees, the Raytheon Company Pension Plan for Salaried Employees, the Raytheon Non-Bargaining Retirement Plan, the Raytheon Bargaining Retirement Plan, and the Raytheon Retirement Plan for Engineers & Contractors, Inc. and Aircraft Credit Employees, and John/Jane Does 1-10,<br><br>               Defendants. | Civil Action No.: 1:19-cv-11425 |



## [REVISED PROPOSED] FINAL ORDER AND JUDGMENT

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated February 23, 2021, on the application of Plaintiff Johnny Cruz ("Plaintiff") for approval of the Settlement set forth the in the Parties' Settlement Agreement, dated as of February 12, 2021;

**WHEREAS,** pursuant to the Preliminary Approval Order entered on February 23, 2021 (Dkt. Nos. 78 and 79), this Court scheduled a Final Approval Hearing for June 2, 2021 at 2:30 p.m, to determine, *inter alia*, whether the proposed Settlement and Class Counsel's requests fees and costs and a client contribution award are fair, reasonable, and adequate, and should be approved by the Court (the "Final Approval Hearing");

**WHEREAS,** the Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the transmission of the Notice to Settlement Class Members;

**WHEREAS,** due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Final Approval Hearing on June 2, 2021, and the Court having considered all papers timely filed and proceedings in this Action and otherwise being fully informed of the matters herein, and for the reasons stated on the record at the Final Approval Hearing on June 2, 2021, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The provisions of the Parties' Settlement Agreement, dated February 12, 2021, including the definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Agreement.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

### Settlement Class Findings

3. The requirements of the Federal Rules of Civil Procedure, the United States Constitution, and the Rules of this Court have been met as to the Settlement Class defined below, in that:

  a. As required by Federal Rule of Civil Procedure 23(a)(1), the Settlement Class is ascertainable from Defendants' records and from other objective criteria, and the Class members are so numerous that their joinder would be impracticable.

  b. As required by Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Settlement Class.

  c. As required by Federal Rule of Civil Procedure 23(a)(3), Plaintiff's claims are typical of the claims of the Settlement Class.

  d. As required by Federal Rule of Civil Procedure 23(a)(4), Plaintiff will fairly and adequately protect the interests of the Settlement Class in that (i) Plaintiff's interests and claims are the same as and consistent with those of the Settlement Class, and (ii) there appear to be no conflicts between or among Plaintiff and the Settlement Class.

  e. As required by Federal Rule of Civil Procedure 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class (i) would create a risk of inconsistent and varying adjudications of the Settlement Class claims, which would establish incompatible standards of conduct for Defendants, and/or (ii) would, as a practical matter, be dispositive of the interests of the other members of the Settlement Class not parties to the individual adjudications, or would substantially impair or impede the ability of such persons to protect their interests.

  f. As required by Federal Rule of Civil Procedure 23(b)(2), Defendants have acted or did not act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief (in the form of amendments to the Covered Plans) with respect to the Settlement Class as a whole.

g. As required by Federal Rule of Civil Procedure 23(g), Class Counsel have proven themselves capable of fairly and adequately representing the interests of the Settlement Class, in that: (i) they have done appropriate work identifying or investigating potential claims of the Settlement Class; (ii) they are experienced in handling class actions; and (iii) they have committed the necessary resources to represent the Settlement Class.

### Class Certification

4. The Court, in conducting the settlement approval process required by Rule 23, hereby certifies the following class for purposes of settlement under Rules 23(b)(1)(A), (b)(1)(B), and (b)(2):

> (1) each participant in a Covered Plan who began receiving a JSA from such Covered Plan as of June 27, 2013 or later, and who received a monthly payment of that JSA benefit in December 2020 ("Participant Class Members"); (2) each beneficiary of a participant in a Covered Plan, where such participant began receiving a JSA from such Covered Plan as of June 27, 2013 or later and such beneficiary received a monthly payment of the survivor component of such JSA in December 2020 ("Beneficiary Class Members"); and (3) each surviving spouse of a participant in a Covered Plan, where such participant died on or after June 27, 2013, before the participant began to receive benefits from such Covered Plan, and such surviving spouse received a monthly payment of a PSA from such Covered Plan in December 2020 ("Surviving Spouse Class Members").

### Appointments

5. The Court appoints Plaintiff Johnny Cruz as the class representative.

6. The Court appoints Class Counsel as counsel for the Settlement Class.

### Findings Regarding Notice

7. The Court finds that the distribution of the Notice, and the notice methodology:

   a. Were implemented in accordance with the terms of the Agreement and the Court's Preliminary Approval Order;

      b.     Constituted the best practicable notice to Settlement Class members under the circumstances of this Action;

      c.     Were reasonably calculated, under the circumstances, to apprise the Settlement Class of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to object to the Fees, Expenses and Costs Award; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on them;

      d.     Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

      e.     Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Employee Retirement Income Security of Act of 1974, as amended, the Rules of this Court, and any other applicable law.

### Findings Regarding Proposed Settlement

8.     The Court finds that the Settlement is fair, reasonable, and adequate, incorporates the Settlement in this Final Order and Judgment, and orders that the Settlement shall be effective, binding, and enforced according to its terms and conditions. More particularly, the Court finds:

      a.     The terms and provisions of the Settlement Agreement were negotiated by the parties at arm's length and were entered into by the parties in good faith.

      b.     The Settlement was executed only after Class Counsel conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Settlement Class's claims.

c.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Agreement is fair, reasonable, and adequate to all members of the Settlement Class, and in the best interests of the Settlement Class, taking into consideration, *inter alia*, the benefits to the Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

d.  Class Counsel are experienced class counsel; they had sufficient information to evaluate the settlement value; and they have concluded in good faith that the Settlement is fair, reasonable, and adequate.

e.  The Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but is designed to (and does) benefit the Covered Plans, their participants and beneficiaries; and, accordingly, does not constitute a "prohibited transaction," as defined by 29 U.S.C. §§ 1106(a) and (b).

**Releases**

9.  The terms of the Settlement and this Final Order and Judgment are declared to be binding on, and to have *res judicata* and preclusive effect in all pending and future claims, lawsuits, or other proceedings. Section IV of the Settlement Agreement (Releases) is expressly incorporated herein by reference. More specifically:

a.  Upon the entry of Judgment by the Court, Plaintiff and each Settlement Class Member will be deemed to forever release and discharge Defendants and their Related Parties, from any and all Claims arising on or before December 31, 2020 (1) that were brought, or could have been brought, arising out of or related to the allegations in the Complaint, or (2) relating to the actuarial assumptions or factors used by the Covered Plans to calculate benefits

6

(collectively, the "Released Claims"). "Released Claims" do not include individual claims by Class Members (other than Plaintiff) that are not related to the conversion of an SLA to a JSA or a PSA.

      b.      Class Members (including Plaintiff) agree that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue, or assert in any action or proceeding any Released Claim.

      c.      Notwithstanding the foregoing, nothing herein shall in any way restrict or impair the rights of any party to enforce the terms of the Settlement Agreement.

### Dismissal with Prejudice

10.      This Action, including all individual and Class claims asserted in it, is hereby dismissed with prejudice and on the merits against Plaintiff and all other Settlement Class Members.

### Recalculated Benefit Amounts

11.      The Court hereby approves the Recalculated Benefit Amounts set forth as Amended Appendix 1 to the Settlement Agreement, which was amended to reflect this Court's determination with respect to the award of attorneys' fees, expenses and the Case Contribution Award, as stated on the record during the June 2, 2021 final approval hearing. Amended Appendix 1 was submitted to this Court as Exhibit A to the Declaration of Christian J. Pistilli, dated June 7, 2021 (ECF No. 107), and is incorporated by reference herein.

### Fees, Expenses and Costs Award

12. The Court hereby approves a Fees, Expenses and Costs Award to Class Counsel in the amount of $5,548,691.48. The Fees and Costs Award shall be paid as directed by Class Counsel pursuant to the terms of Section II.G of the Settlement Agreement.

### Client Contribution Award

13. The Court hereby approves a Client Contribution Award to Plaintiff in the amount of $10,000, to be paid by Class Counsel out of the Fees, Expenses and Costs Award.

### No Admission of Wrongdoing

14. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Agreement and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

### Effect of Termination of the Failure of the Settlement to Become Effective

15. In the event that this Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated. Notwithstanding the foregoing, and for the avoidance of doubt, any decision by the Court of

Appeals or the Supreme Court with respect to the Fees, Expenses and Costs Award shall not be considered material to the Settlement or this Judgment and shall not be grounds for termination of the Settlement.

## Continuing Jurisdiction

16. Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Agreement or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Final Order and Judgment, or the Settlement Agreement or termination of the Settlement Agreement.

## Entry of Judgment

17. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the District of Massachusetts on June 11, 2021.

THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE